# McClenahan *versus* Humes.

A levy of real estate, free from ambiguity, fraud, or misrepresentation, cannot be impeached or contradicted by parol evidence.

Where an offer does not specify the kind and manner of proof to be given, to impeach or contradict a record, the Court will presume it to be by something *dehors* the record, and therefore irrelevant and incompetent.

Under the law prior to 1836, a sheriff's sale made at the succeeding Term after the return day of the *venditioni exponas*, conferred a good title on the purchaser.

ERROR to the Common Pleas of *Crawford county*.

This was an ejectment, brought by Humes *v.* McClenahan, for 21 acres of land, each party claiming under a distinct sheriff's sale. In May, 1831, Thomas Ford conveyed to his son Charles 121 acres, subject to a reservation of 21 acres during the lives of

[McClenahan *v.* Humes.]

his parents, and which they occupied until they both died—the last four years ago, when this suit was brought. Against Charles Ford, the common source of title, a judgment was obtained in 1834, on which a *fi. fa.* was issued to February Term, 1835. The sheriff returned that he had levied on 100 acres of land, more or less, bounded on the north by Humes, west by James Ford, south by Swift & Moodie, and east by J. Greenlee, with a frame dwelling and barn thereon. To April Term following, a *vend. ex.* was issued, and the sheriff returned, sold on the 10th August to John Sargeant, to whom a deed was acknowledged 15th August. Sargeant conveyed to Humes, the plaintiff below. Evidence was given to show that the boundaries given in the levy would include the whole 121 acres, and that there was a frame dwelling and barn on the 100 acres, and a house and barn on the 21 acres.

The defendant gave in evidence another judgment against Charles Ford, in favour of R. T. Trask, in 1835, on which a *fi. fa.* was issued, the land in controversy levied upon in 1839, and sold in 1841 to Trask, whose title became vested in McClenahan, the defendant. He then offered to prove that when the levy was made on the writ in Flough *v.* Ford (under which Humes claimed), the land in dispute was excluded, and that, at the time of the sale, it was publicly declared that it was not selling—to be followed by other proof that the plaintiff said that he had not bought it of Sargeant; to this plaintiff objected, and the Court rejected the offer. The defendant also submitted the point that the sale on the *vend. ex.*, in Flough *v.* Ford, having been made after the return day of the writ, passed no title; which the Court answered in the negative.

*Derrickson* and *Finney*, for plaintiff.—The plaintiff below did not rest his case on the record evidence of return and description in the sheriff's deed, but called witnesses to prove the land was actually included. Was it not competent to the defendant to controvert and rebut this by the same kind of proof? The exclusion or inclusion of the land could not be determined by the levy only. The western boundary of each being land of a contiguous owner, even if the 100 acres were bounded by that owner, it would not necessarily follow that the other piece was also included. The offer did not specify the *kind* of proof to show the exclusion, but merely to establish the fact, and to rebut the parol proof of inclusion given by the plaintiff below.

Was the sale good? The *vend. ex.* was returnable to April Term, 1835; the sale was made on the 10th August, the day on which the August Term commenced, a full term intervening. In the cases, 2 *Bin.* 1; 1 *Ser. & R.* 92; 10 *Ser. & R.* 261; a second term had not intervened.

[McClenahan *v.* Humes.]

*G. Church,* for defendant in error.—The plaintiff below offered no evidence to enlarge or affect the levy, but only showed that it included the *locus in quo.* Parol evidence of what is embraced in a descriptive levy such as this, is not competent.   Sergeant *v.* Ford, 2 *W. & Ser.* 125.   The levy was by metes and bounds, plain and explicit, and its construction and extent was matter of law.   It is only in cases of patent ambiguity that parol evidence is admissible to affect the extent and meaning of a levy; and then not by evidence of the character here offered.   The offer was an entirety, and if any part was incompetent, a general objection to it is good : Sennett *v.* Johnson, 9 *Barr* 337.   The offer proposed to exclude the 21 acres by something *dehors* the record—this was clearly incompetent : Sergeant *v.* Ford, *ante ;* Beeson *v.* Hutchinson, 4 *Watts* 443.   And where the offer did not disclose the manner, means, or kind of proof, when its competency would depend upon them, it was right to reject it : Stub *v.* Stub, 3 *Barr* 255.

A second term had not intervened in legal contemplation. The sale was advertised on Saturday before the return day of the writ, and continued by adjournment to the day of sale, and this was in accordance with the law as it stood before the Act of 1836 : 1 *W. & Ser.* 526.

The opinion of the Court was delivered by

WOODWARD, J.—The description in the levy was the legal evidence of what land was sold on the judgment of Flough's executors against Ford, and that that embraced the whole 121 acres, is shown by the diagram submitted by the counsel of the plaintiff in error.   It was a description by the adjoining owners, which was said by Judge HUSTON in this very case, 2 *W. & Ser.* 126, to be equivalent to a description by courses and distances all round. This levy, thus free from all ambiguity, and exempt also from any alleged fraud or misrepresentation, the defendant below attempted to impeach by offering to prove that when it was made, the land in dispute was excluded; and, at the sale, it was publicly declared it was not selling; to be followed by other proof that the plaintiff said he had not bought it of Sergeant.

How excluded?   By whom declared at the sale it was not selling?   To these pertinent questions there was no response in the defendant's offer.

The levy on its face, as we have seen, did not exclude, but did include the 21 acres.   The offer, therefore, must have been to show the exclusion by something *dehors* the record ; and, as that something was not specified, the Court did well to presume that it was irrelevant and incompetent.   It was an attempt to contradict and impeach a record by evidence, for which the party offering it must have had but little respect, or he would have exposed its character.

[McClenahan *v.* Humes.]

And then, as to the declaration at the time of the sale, if it was not made by a bystander—if it was the declaration of the sheriff; or the creditor, or the defendant, why was the offer silent on the point? Did counsel expect the Court would admit *any* declaration of that sort by whomsoever made? It may be well doubted whether such a declaration, even when made by a party in interest, would be evidence against a clearly expressed levy; but, with the questionable shape in which this offer came, it was properly rejected.

The supplemental offer that Humes said he had not bought the 21 acres of Sergeant was irrelevant, except as it tended to contradict the levy; and, for this purpose, it was inadmissible.

The defendant's counsel justified this offer, on the ground that the plaintiff had given parol evidence of the boundaries of the land; but that was evidence of location, which was consistent with the levy and not contradictory of it.

2. The second error assigned is, that the Court erred in charging that a sheriff's sale, after the return day of the writ, was good.

The Act of 1836 requires that all sheriffs' sales of land shall be made on or before the return day of the writ, but this sale was made in 1835, and is not affected by the statutory provision. The *venditioni exponas* was returnable to April Term, 1835, but the sale, continued by adjournments, did not take place till the 10th of August—the first day of the next succeeding term. Under the Acts of Assembly, in force before the Act of 1836, this practice obtained very generally throughout the state, and received the sanction of this Court in numerous cases, which will be found cited in Blythe *v.* Richards, 10 *Ser. & R.* 161. It is too late now to raise a question upon it.

                                        Judgment affirmed.